**Patrick G. MARTONE, Appellant,**

v.

**John Julien McKEITHEN et al., Appellees.**

**No. 26101.**

United States Court of Appeals
Fifth Circuit.

July 11, 1969.

---

J. Minos Simon, Lafayette, La., for appellant.

Jack P. F. Gremillion, Atty. Gen., Ashton L. Stewart, Sp. Asst. Atty. Gen., Baton Rouge, La., for appellees.

Before WISDOM, THORNBERRY, and GOLDBERG, Circuit Judges.

PER CURIAM:

This case arises out of investigations conducted by the Labor-Management Commission of Inquiry, a statutory commission established by the State of Louisiana to investigate criminal violations in the labor-management field. See La.Rev.Stat.Ann. §§ 23:880.1–23:-880.18 (Supp.1969).

Patrick Martone sued the defendants for fifteen million dollars. The defendants are:

1) The Governor of the State of Louisiana;

2) The members of the Labor-Management Commission and four investigators on the staff of the Commission; and

3) The members of the East Baton Rouge Parish Grand Jury.

The plaintiff asked also for an injunction to restrain the defendants from depriving the plaintiff of his "rights, privileges, and immunities as a citizen of the United States and of the State of Louisiana and particularly from depriving him of constitutional due process and equal protection and benefits of State laws."

More specifically, the complaint alleges that the defendants conspired to assassinate his character, to destroy Teamsters Local No. 5 of Baton Rouge, of which he is a member, and to discredit Edward Grady Partin, Business Manager of the Union. The complaint avers that the defendant conspired to induce

third persons to make false statements implicating Martone in a bombing and other criminal activities, as a result of which the grand jury in East Baton Rouge indicted him for aggravated arson. The plaintiff relies on 42 U.S.C. § 1983[1] and Monroe v. Pape, 1961, 365 U. S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492.[2]

The district court dismissed the complaint as to all the defendants.[3]

### I.

As to the claim for damages, this Court agrees with the district court. In Pierson v. Ray, 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 the Supreme Court said:

> We do not believe that this settled principle of [the immunity of public officers from suit] was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities. Accordingly, this Court held in Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), that the immunity of legislators for acts within the legislative role was not abolished. The immunity of

judges for acts within the judicial role is equally well established, and we presume that Congress would have specifically so provided had it wished to abolish the doctrine.

\* \* \* \* \* \*

Monroe v. Pape presented no question of immunity, however, and none was decided. 87 S.Ct. at 1218, 18 L.Ed. 2d at 295.

A. The Governor of the State has immunity from damage suits for acts within the sphere of executive activity. Barr v. Matteo, 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Gregoire v. Biddle, 2 Cir. 1949, 177 F.2d 579; Norton v. McShane, 5 Cir. 1964, 332 F.2d 855. As Judge Learned Hand said in Gregoire v. Biddle, 177 F.2d at 581: "The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties."

B. The Commission and its investigators come within the ambit of

1. 42 U.S.C. § 1983 reads as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. Monroe v. Pape held that police officers could be liable under section 1983 for an aggravated unconstitutional search, arrest, and detention.

3. The Court ruled from the bench: "There are thirty-six or thirty-eight allegations filed in this case which appear to me to be using the Court as a forum possibly to pursue some personal vendetta that may be existing between the parties to this suit, rather than a legitimate legal issue anyway, but the fact of the matter

is that as to the merits of the complaints and the motion and opposition, I think there is no question but what the things that are complained of were things done by officials in the process of carrying out the functions of their official duties. I think, secondly, that to grant the injunction that is asked for by the plaintiff, of course, would amount to the grossest kind of violation of First Amendment Rights to Freedom of Speech. Lastly I believe that in any event the suit would have to be declared prematurely brought anyway, because the claim of plaintiff is that certain things have been said and done to this plaintiff which caused him to be indicted and that the evidence was false, and if he was falsely indicted, I am quite sure that that would eventually be determined in the course of a criminal proceeding, and if it was proved to be the case, well, then, I have no doubt but what the plaintiff at least could consider the possibility of suing somebody for malicious prosecution—if that could be proved."

legislative immunity. In Tenney v. Brandhove, 1951, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019, the Court dismissed a damage suit against the members of the California Senate Fact-Finding on Un-American Activities. "Legislators," said the Court, "are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good. * * * Investigations * * * are an established part of representative government".

■ C. Members of the grand jury are like judges, Bauers v. Heisel, 3 Cir. 1966, 361 F.2d 581, and prosecutors, Norton v. McShane, *supra.* The integrity of the judicial process requires that they be free to act within the perimeter of their line of duty.

### II.

■ The United States Supreme Court has questioned the constitutionality of some of the procedures of the Labor-Management Commission. Jenkins v. McKeithen, 1969, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404. In view of this decision, we remand to the district court that portion of the case relating to the plaintiff's request for an injunction.

In part the case is affirmed and in part the case is remanded for proceedings consistent with this opinion and the opinion of the Supreme Court in *Jenkins.*