**Roderick JENKINS, Appellant,**

v.

**John Julian McKEITHEN et al.,
Appellees.**

**No. 26341.**

United States Court of Appeals
Fifth Circuit.

July 16, 1969.

J. Minos Simon, Lafayette, La., for appellant.

William P. Schuler, Asst. Atty. Gen., State of Louisiana, Thomas M. Brahney, III, Dorothy D. Wolbrette, New Orleans, La., Jack P. F. Gremillion, Atty. Gen., Henry J. Roberts, Asst. Atty. Gen., Baton Rouge, La., for appellees.

Before GEWIN and GODBOLD, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

This case, like Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), and Martone v. McKeithen, 413 F.2d 1373 (5th Cir. 1969), arises out of investigations conducted by the Labor-Management Commission of Inquiry established by statutes of the State of Louisiana. *See* La.Rev.Stat.Ann. §§ 23:880.1–23:880.18 (Supp.1969). Appellant Jenkins sued for fifteen million dollars, as did Martone, and sought to state a cause of action under 42 U.S.C. §§ 1981, 1983 and 1988 (1964).

The *Martone* case and the Supreme Court case of Jenkins v. McKeithen, *supra*, were pending when the case now before us was submitted to this court. We then felt and now conclude that the decision in this case should be controlled by the decisions in those two cases. The district court and the parties considered the legal issues in this case and in *Martone* to be substantially identical.[1] There

---

1. The following transpired when the district court ruled:

   THE COURT: The fact is that I decided the Martone case and that case is up on appeal and it would be ridiculous, of course, for me to decide this case any other way than the Martone case.

   Is there any reason why either counsel think that this should be decided differently from the Martone case at this level? I will be glad to hear it.

   MR. SIMON: The only thing I think is that the decision of the court is completely in error. That's the only difference I can point out to the Court.

   THE COURT: I assume that is the basis for the appeal. And so since there is no difference between this case and the Martone case—the case of Patrick G. Martone versus John Julian McKeithen et al, being Civil Action Number 68–9, which this court dismissed the case for the reasons as-

is one difference in that injunctive relief was not sought in this case but was sought by Martone. The remand in *Martone* concerned only "that portion of the case relating to the plaintiff's request for an injunction." The only error here specified by the appellant Jenkins is the ruling of the district court dismissing his complaint. The reason given for remand in *Martone* does not exist here, and, therefore, the judgment of the district court is affirmed.

Affirmed.

signed, and the Martone case is pending on appeal before the Fifth Circuit Court of Appeals of course, this case, like the Martone case is dismissed for failure to state a cause upon which relief can be granted or for whatever reasons I gave in the Martone case; and this case being identical, I assume

that you can appeal this and in all probability get it consolidated with the Martone case on appeal.

The cases were not consolidated on appeal.