**Leonard WHITNER, Plaintiff,**

v.

**J. D. HENDERSON, Warden, and His Surety on Official Bond; and the Inmate Adjustment Committee of the United States Penitentiary, Atlanta, Georgia, Defendants.**

**Civ. A. No. 15626.**

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 29, 1972.

Leonard Whitner, pro se.

Beverly Bates, Asst. U. S. Atty., N. D. Ga., Atlanta, Ga., for defendants.

ORDER OF COURT

MOYE, District Judge.

In this Court's order of June 8, 1972, plaintiff was afforded an opportunity to submit a response to defendant Hender-

son's motion for summary judgment. Plaintiff has filed his response.

Defendant Henderson, in moving for summary judgment, has argued that there is no genuine issue of fact and, as a matter of law, judgment should be entered in favor of defendant Henderson on the ground of official immunity. In support of his motion defendant Henderson submitted his own affidavit stating that his only contact with the plaintiff has been in the performance of his duties either in reviewing plaintiff's file and acting upon any request or in possibly responding to the plaintiff when he requested an explanation on any personnel action.

Plaintiff has argued in rebuttal that defendants have no official immunity for acts done with a "racial motivated intent" to invidiously discriminate against plaintiff because of his race and that the acts done were manifestly and palpably beyond the outer perimeter of defendants' duties.

The defense of official immunity has been applied in a myriad of cases involving tort actions against federal officials.[1] The leading case involving this defense, as applied to federal officials, is the case of Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). That case involved a suit based on defamation against the Acting Director of the Office of Rent Stabilization. The Court found that the actions of the defendant were within the outer perimeter of his line of duty, therefore, the defense of official immunity was applicable. The Court, in finding that the defense of official immunity applied to the defendant, stated that the defense was not restricted to executive officers of cabinet rank:

" . . . [T]he privilege is not a badge or emolument of exalted office, but an expression of a policy designed to aid in the effective functioning of government. The complexities and magnitude of governmental activity have become so great that there must of necessity be a delegation and redelegation of authority as to many functions, and we cannot say that these functions become less important simply because they are exercised by officers of lower rank in the executive hierarchy.

"To be sure, the occasions upon which the acts of the head of an executive department will be protected by the privilege are doubtless far broader than in the case of an officer with less sweeping functions. But that is because the higher the post, the broader the range of responsibilities and duties, and the wider the scope of discretion, it entails. It is not the title of his office but the duties with which the particular officer sought to be made to respond in damages is entrusted—the relation of the act complained of to 'matters committed by law to his control or supervision,' Spalding v. Vilas, supra, 161 U.S. [483] at 498, 16 S.Ct. at page 637 [631, 40 L.Ed. 780]—which must provide the guide in delineating the scope of the rule which clothes the official acts of the executive officer with immunity from civil defamation suits." [360 U.S. at 572–574, 79 S.Ct. at 1340]

The Fifth Circuit applying the "standards" established by the Supreme Court in Barr v. Matteo, supra, found in Norton v. McShane, 332 F.2d 855 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1964), that various federal executive officials were absolutely immune from tort liability. In finding the federal officials immune from tort liability, the Court pointed out that the application of the doctrine of immunity possibly would be different under the Civil Rights Acts:

"Up to this time we have not referred to cases brought under the Civil Rights Act . . . The question involved in these cases is the extent, if any, to which the Civil Rights Acts

1. See Norton v. McShane, 332 F.2d 855, 859 n. 5 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1964).

have abrogated the *immunity* doctrine. While it is clear that the common-law immunity afforded legislative and judicial officers applies in suits under the Civil Rights Acts, there remains much uncertainty as to the extent to which immunity for subordinate executive officials applies, if it applies at all. In view of our conclusion later in this opinion that the instant suits are not within the purview of the Civil Rights Acts, we do not decide at this time the scope of official immunity under those statutes. We need only say that the doctrine may be given more limited application in those suits than it has been given at common law." (Footnotes omitted) [332 F.2d at 860–861]

In Anderson v. Nosser, 438 F.2d 183 (5th Cir. 1971), modified, 456 F.2d 835 (5th Cir. 1972), the Fifth Circuit was faced with the question of whether state officials of "lesser rank" were immune from actions under the Civil Rights Act 42 U.S.C. § 1983. The Court stated that:

" . . . While official immunity has been extended under section 1983 to legislative and judicial officers, Pierson v. Ray, *supra* [386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)]; Tenney v. Brandhove, 1951, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Martone v. McKeithen, 5 Cir. 1969, 413 F.2d 1373, there has been a reluctance to stretch the doctrine too far. . . . " [438 F.2d at 201]

The Court went on to find that the warden of a state penitentiary (among others) was not immune from liability under 42 U.S.C. § 1983.[2]

This Court finds it difficult, as Judge Griffin Bell stated in his concurring opinion in Anderson v. Nosser, 438 F.2d 205 (5th Cir. 1971), to "have one law for Athens and another for Rome. . . . " [438 F.2d at 205] If a war-

den of a state penitentiary is not absolutely immune from liability under the Civil Rights Act, 42 U.S.C. § 1983, this Court can find no justification in extending absolute immunity to a warden of a federal penitentiary for liability under 42 U.S.C. § 1985(3). Therefore, defendant Henderson's motion for summary judgment on the ground of official immunity is denied.

---

2. Wardens of state penitentiaries have been held liable for damages in other actions under 42 U.S.C. § 1983. *See* Wright v. McMann, 460 F.2d 126 (2d Cir. 1971) ; Sostre v. Rockefeller, 312 F.Supp. 863 (S.D.N.Y.1970), modified, sub nom. Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971).