**ALLIANCE TO END REPRESSION et al., Plaintiffs,**

v.

**James M. ROCHFORD, Superintendent of Police, et al., Defendants.**

**No. 74 C 3268.**

United States District Court,
N. D. Illinois, E. D.

May 16, 1975.

Val Klink, Richard M. Gutman, Lance Haddix and Howard Eglit, Chicago, for plaintiffs.

William R. Quinlan, Corp. Counsel, Jerome A. Siegan, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

LYNCH, District Judge.

This is a civil action brought under 42 U.S.C., Section 1983, by eighteen named individuals and fifteen named groups and/or organizations. The named plaintiffs also seek to bring the action in the name of all others similarly situated. The plaintiffs are seeking declaratory and injunctive relief as well as compensatory damages as a result of alleged violations of their rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the Constitution as well as their rights under 18 U.S.C., Sections 2510–2520.

The complaint amounts to a broad-based attack on allegedly unlawful intelligence gathering activities of the Intelligence Division of the Chicago, Illinois, Police Department. Plaintiffs allege that said activities are carried out under the auspices of a vague and overly broad mandate contained within a general order of the Chicago Police Department directing its Intelligence Division to gather intelligence on organizations and individuals who pose "a threat to the security of the country, state or city." It is alleged that as a result of the above mandate, the defendants have engaged in a continuing pattern and practice involving the following activities: (1) surveillance and intelligence-gathering on individuals and organizations engaged in lawful activities; (2) unlawful wire-tapping and other forms of electronic surveillance; (3) unlawful entry and seizure; (4) dissemination of derogatory information concerning plaintiffs; (5) summary punishment and harassment, and (6) infiltration of private meetings and political organizations by informers and provocateurs. These activities are said to have the effect of chilling, harassing and disrupting plaintiffs' exercise of their First Amendment rights of speech

and association and violate other rights guaranteed by the United States Constitution and statutes.

The defendants include the commanders of the security and staff sections of the Intelligence Division of the Chicago Police Department. They, along with other defendants referred to as Unknown Agents of The Chicago Police Department and two specifically named police officers, are said to be the agents directly involved in the allegedly illegal intelligence gathering activities. The remaining defendants include the direct superiors of the above defendants, including the superintendent of the Department, as well as the members of the Police Board of the City of Chicago and the Mayor of the city. The illegal activities are alleged to take place with the knowledge, consent and direction of these remaining defendants.

The cause is now before this Court due to the submission by defendants of a motion to dismiss the complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure. The motion to dismiss contains three grounds: (1) that plaintiffs lack standing to sue for injunctive relief since the complaint does not present a justiciable controversy; (2) that the claims of certain plaintiffs for damages are barred by the applicable state statute of limitations; and (3) that the failure of three named plaintiffs to include factual allegations in support of their damage claims should lead to dismissal of these claims.

### I

The defendants assert in the motion to dismiss that plaintiffs have no standing to seek injunctive relief because the plaintiffs have alleged no more than a subjective "chill" of their rights and that such allegations are insufficient to sustain the complaint because they do not present a justiciable controversy under the holding in *Laird v. Tatum,* 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972).

In *Laird,* the Supreme Court held that the plaintiffs' allegations that the mere existence of the Army system of surveillance of unlawful and peaceful civilian activity chilled the exercise of their First Amendment rights did not present a justiciable controversy in the absence of a showing of objective harm or a threatened future harm. The High Court indicated that the plaintiffs in *Laird* did not allege that the Army took any specific action against them but only alleged that they were subjected to a "chilling" effect on the exercise of their First Amendment rights merely by the *existence* of the intelligence gathering and distribution system. 408 U.S. at 3, 92 S.Ct. 2318. The Court also pointed out that the information that was gathered appeared to contain nothing more than information which might be gained through clippings from newspaper articles or attendance at public meetings.

An examination of the complaint in the instant case reveals that the allegations contained therein differ greatly from those contained in the *Laird* case and that, consequently, the decision in *Laird* is inapposite to the instant suit. The plaintiffs in the case at bar have alleged that they were the specific objects of both overt and covert surveillance on the part of the defendants. The plaintiffs' claims contain assertions that defendants specifically impinged upon their constitutional rights through various types of activities as outlined below.

### A. *Intelligence Gathering and Dissemination of Information*

The plaintiffs' allegations as to the intelligence gathering system employed by the police go much further than the "newspaper clipping" approach employed in *Laird.* It is alleged that various agents of the Intelligence Division have visited plaintiffs at their homes, places of business and other locations in order to interrogate them or their friends and acquaintances. It is further alleged that defendants have contacted other law enforcement agencies and requested that they obtain information on the plaintiffs that might be added to the files main-

tained by the Intelligence Division on the various plaintiffs.

Plaintiffs further allege that the contents of these files are disseminated to newspaper reporters, prospective employers, academic officials and others. It is alleged that the purpose and effect of this intelligence gathering is to invade the personal and associational privacy of plaintiffs. The purpose and result of the information dissemination is said to be the invasion of the plaintiffs' privacy as well as damage to their academic or professional lives and to subject them to ridicule and to make them targets of further police surveillance and harassment.

Complaints alleging similar practices of information dissemination have been sustained in cases decided since the *Laird* decision. See *Bach v. Mitchell*, No. 71–C–22 (W.D.Wis.1973); *Handschu v. Special Services Division*, 349 F.Supp. 766 (S.D.N.Y.1972).

### B. *Surveillance and Provocation by Paid Informers and Undercover Agents*

Plaintiffs allege that members of the Intelligence Division have infiltrated various plaintiff organizations. Having so infiltrated, the agents have exhorted members of the organizations to commit unlawful acts. Certain Unknown Agents of The Chicago Police Department are alleged to have posed as newspaper reporters and photographers in order to infiltrate the organizations. These activities allegedly abridge plaintiffs' rights under the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the Constitution.

Judge Weinfeld wrote in the *Handschu* decision, *supra,* that similar police infiltration in that case gave rise to a chilling potential which, " . . . would seem by far to exceed the passive observational activities upheld in *Tatum*." 349 F.Supp. at 771. The Court held that allegations such as the allegations made in the instant case presented a justiciable controversy.

### C. *Electronic Surveillance*

Plaintiffs allege that certain telephone conversations that they have engaged in have been intercepted and recorded unlawfully by Unknown Agents of The Chicago Police Department. Plaintiffs base their beliefs that such surveillance has taken place due to their observation of a defendant whose presence at O'Hare Airport coincided with the plaintiffs' concurrent presence solely because he overheard earlier telephonic communications of the plaintiffs. One plaintiff was allegedly ridiculed by Unknown Agents over a telephone line he was speaking on.

Such unlawful electronic surveillance has been held to be a violation of Fourth Amendment rights. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *United States v. United States District Court,* 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972). Plaintiffs also allege that this activity violates their rights under 18 U.S.C. Sections 2510–2520.

### D. *Unlawful Entry and Seizure*

Plaintiffs allege that defendants Unknown Agents broke into the offices of a plaintiff organization and seized files, membership lists and other materials all in violation of plaintiff's First, Fourth, Fifth, Ninth and Fourteenth Amendment rights. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *Stanford v. Texas,* 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965).

### E. *Overt Surveillance*

Defendants Unknown Agents are alleged to have engaged in activities involving photographing, videotaping, and recording of the proceedings at: (1) Various rallies that plaintiff organizations have participated in; (2) Their places of business; (3) Private gatherings such as picnics and outside a private residence in which a party was being held.

The District Court for the Eastern District of Pennsylvania has sustained allegations of police photography as es-

tablishing a cause of action. In doing so the Court stated:

> Although the taking of photographs may in and of themselves be completely proper, when combined with allegations of physical violence, threats, excessive surveillance, illegal searches and seizures, illegal electronic surveillance, and the denial of the right to counsel, this normally proper activity may become suspect of being excessive. By focusing upon the whole chain of alleged acts or harassment rather than on one, a cumulative injury may be displayed. *Philadelphia Resistance v. Mitchell,* 58 F.R.D. 139 (E.D.Pa.1972) at 145.

### F. *Summary Punishment and Harassment*

The plaintiffs allege that various defendants have engaged in numerous activities which amount to summary punishment and undue harassment. These activities allegedly include: (1) Refusal to protect members of a plaintiff organization when assaulted by another group at a rally plaintiff organization was holding; (2) Administering a beating to a plaintiff after arresting him at a lawful political demonstration; (3) Shouting verbal abuse at plaintiffs while engaging in lawful political demonstrations and (4) Conducting illegal searches. Plaintiffs allege that these activities violate their rights as guaranteed under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. *Symkowski v. Miller,* 294 F.Supp. 1214 (E.D.Wis.1969); *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■ The many allegations made by the plaintiffs in their thirty-eight page complaint contain instances of police conduct which, if proved through proper evidence, would establish a course of conduct which would be substantially more intrusive than the conduct engaged in by the defendants in the *Laird* case. Furthermore, the allegations of the complaint, as seen from the above distillation, amount to more than a claim of a "subjective chill" from the mere existence of the system. Plaintiffs have clearly charged that they are among the targets of the intelligence gathering system. These observations indicate to this Court that the dictates of the *Laird* decision do not call for the dismissal of the instant complaint.

The defendants also cite the decision in *Donohoe v. Duling,* 465 F.2d 196 (4th Cir. 1972) in support of their theory seeking dismissal. However, an examination of the holding in that case shows that the court placed great reliance on the holding in *Laird.* Such reliance was justified because the complaint in *Donohoe* challenged the, " ' . . . mere existence, without more, of a governmental investigative and data-gathering activity'." 465 F.2d at 202. Furthermore, the claims in *Donohoe* did not amount to an intelligence gathering system which was nearly as widespread or intrusive as in the case at bar.

Defendants also allude to a failure of the plaintiffs to allege any future harm and argue that such failure is a bar to injunctive relief. A reading of the complaint, however, indicates that plaintiffs have alleged that the objected-to activity has not only taken place in the past but is part of an ongoing course of conduct which will continue unless injunctive relief issues.

It is a firmly established principle that the complaint's allegations must be taken as true for purposes of defendant's motion to dismiss. With this principle in mind, the Court finds that the instant complaint does present a justiciable controversy.

Nothing that is contained in this opinion should be construed as a wholesale condemnation of an intelligence gathering system being maintained in the City of Chicago Police Department. In fact, such a system must be considered to be not only legitimate but necessary in order to fully protect the best interests of the citizenry of the City of Chicago. The operation of such a system is absolutely necessary to apprehend certain

criminal activity which might otherwise go completely unnoticed until serious and irreparable damage might result from such activity.

The Court, of course, is in no position at this early stage of pleading to comment upon the truth, or lack thereof, of the many allegations contained in the complaint. Whether or not plaintiffs can sustain these serious allegations is not before the Court at this time. However, it is the Court's ruling that if the plaintiffs can prove a set of facts in support of the allegations contained in their complaint regarding the questioned intelligence gathering activities, they would be entitled to relief. Therefore, the motion to dismiss the complaint on the ground that plaintiffs have failed to present a justiciable controversy is overruled.

## II

As a second ground for dismissal of certain enumerated paragraphs in the complaint relating to money damages, defendants argue that the claims for damages are barred by the statute of limitations.

■ The defendants correctly point out that the applicable period of limitations in civil rights actions is that which the state would enforce had the action been brought in the state court. *O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); *Wakat v. Harlib,* 253 F.2d 59 (7th Cir. 1959). Defendants then argue that the damage claims of eleven plaintiffs are barred by the Illinois statute of limitations in that they arose more than two years prior to the filing of the complaint. This argument is founded upon Illinois Revised Statute, Chapter 83, Paragraphs 14 and 15 which provide respectively for a one year limitation period for actions arising out of the publication of matters violating the personal right of privacy and a two year limitation period in actions for damages to the person.

Defendants cite no cases in support of their theory that Sections 14 and 15 of Chapter 83 delineate the applicable limitations period. In fact, a review of the decisions of the Seventh Circuit as well as decisions of the District Court in the Northern District of Illinois indicates that in actions brought under 42 U.S.C., Section 1983 the applicable period of limitations is prescribed by Illinois Revised Statutes, Chapter 83, Section 16. That section contains a five year limitation period. *Rinehart v. Locke,* 454 F.2d 313 (7th Cir. 1971); *Wakat v. Harlib,* 253 F.2d 59 (7th Cir. 1958); *Amen v. Crimmins,* 379 F.Supp. 777 (N.D.Ill.1974).

■ Because all the acts complained of in the instant case took place within the last five years, none of the claims contained in the complaint are barred by the applicable statute of limitations.

## III

Finally, defendants argue that one of the plaintiff organizations, Young Socialist Alliance, and two of the individual plaintiffs, Janice Gutman and Sidney Lens, have advanced no factual allegations in support of their damage claims. Notwithstanding this contention by defendants, a review of the complaint reveals allegations of unlawful activities of defendants which were taken against these three plaintiffs as well as all other plaintiffs. Many, if not all, of these allegations fall into the categories of activities outlined in Section I of this opinion. The language of the complaint indicates that these allegations apply to the three plaintiffs in question and, because the allegations would support claims for damages against defendants, the motion to dismiss the damage claims of these three plaintiffs is denied.

Accordingly, in light of the above, defendants' motion to dismiss the complaint is hereby denied.