**AMERICAN CIVIL LIBERTIES UNION et al., Plaintiffs,**

v.

**CITY OF CHICAGO et al., Defendants.**

No. 75 C 3295.

United States District Court, N. D. Illinois, E. D.

May 26, 1976.

Robert J. Vollen, Robert C. Howard, David Goldberger, Robert L. Tucker, Chicago, Ill., for plaintiffs.

Samuel K. Skinner, U. S. Atty., George M. Keane, Jr., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This cause is before the Court on the following motions by defendants: (1) City defendants' motion to dismiss the complaint; (2) Federal defendants' motion to dismiss the complaint; and (3) Federal defendants' alternative motion for a more definite statement.

This is an action to redress the deprivation of rights secured by the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and 28 U.S.C. §§ 2201 and 2202.

Plaintiffs' complaint alleges that defendants have violated and continue to violate their constitutional rights by gathering information about, and maintaining intelligence dossiers on their lawful activities. Defendants have filed motions challenging the complaint on various grounds.

The Court first considers City defendants' arguments in support of the motion to dismiss *seriatim*.

■ Defendants first argue that plaintiffs' complaint fails to state a claim upon which relief can be granted. Defendants rely upon *Laird v. Tatum*, 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972), for the proposition that jurisdiction of this Court cannot be invoked where there is no immediate threat to an individual's constitutional rights and where any chilling effect upon the exercise of protected rights is subjective. Defendants assert that plaintiffs' complaint presents no claim of specific *present* harm or threat of specific future harm, as required by the *Tatum* decision.

Plaintiffs argue that the complaint specifically alleges that unlawful activities of defendants have been and are now specifically directed at them. They further argue that the complaint alleges direct, real, and immediate harm, i. e., activity which goes beyond mere passive observation of plaintiffs and which includes physical attacks upon plaintiffs, covert infiltration of plaintiff organizations, and disruption of sources of plaintiffs' financial support. Plaintiffs rely upon recent decisions of this Court which have allowed complaints alleging immediate harm to stand in the face of motions to dismiss. *See, e. g., Citizens for a Better Environment v. Rochford*, No. 75 C 987 (N.D.Ill.1975); *Alliance to End Repression v. Rochford*, 407 F.Supp. 115 (N.D.Ill. 1975).

This Court is of the opinion that plaintiffs' complaint, unlike that in *Tatum*, alleges more than subjective "chill". Plaintiffs' complaint alleges facts which, if proven, would provide for the basis for a claim of immediate harm. Accordingly, defendants' motion to dismiss the complaint for failure to state a claim is denied.

■ Defendants next argue that this Court lacks subject matter jurisdiction as to defendant City of Chicago on two bases: (1) that a municipality is not deemed a person within the meaning of the Civil Rights Act, 42 U.S.C. § 1983; and (2) that plaintiffs have failed to allege a violation of any Act of Congress or federal law which is necessary to obtain federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiffs agree that there is no subject matter jurisdiction over the City of Chicago under the Civil Rights Act, but argue that this Court retains jurisdiction over defendant City of Chicago under 28 U.S.C. § 1331 because the complaint alleges a claim arising under the Fourteenth Amendment of the Constitution insofar as it alleges violations of plaintiffs' constitutional rights by the City's officers, agents, and employees.

Plaintiffs rely upon a recent Seventh Circuit opinion permitting suit against a municipal corporation under the Fourteenth Amendment and 28 U.S.C. § 1331, *Hostrop v. Board of Junior College District # 515*, 523 F.2d 569 (7 Cir. 1975).

Plaintiffs' complaint alleges a claim against defendant City and others for the unconstitutional conduct of its police officers and seeks both injunctive relief and damages in excess of $10,000.00. This Court is of the opinion that defendant City's argument based upon lack of jurisdiction is without merit.

Defendants next argue that an examination of the legislative history of the Civil Rights Act discloses Congress' intent that municipalities not be liable for the Civil Rights claims arising under *either* the Civil Rights Act *or* the Fourteenth Amendment.

However, it is well established that the Fourteenth Amendment authorizes suits against municipalities for their own activities, *Cuyahoga River Power Co. v. City of Akron*, 240 U.S. 462, 36 S.Ct. 402, 60 L.Ed. 743 (1915). Clearly, the limitations placed upon the scope of the Civil Rights Act cannot be read to place the same limitations upon the Fourteenth Amendment. This Court holds that defendant City of Chicago is not immune from suit under the Fourteenth Amendment and 28 U.S.C. § 1331.

City defendants next allege that certain of the unlawful activities of defendants occurred more than five years prior to the filing of the complaint in this action and are thus barred by the Illinois Statute of Limitations. Ill.Rev.Stat., ch. 83 § 16. Defendants specifically move to strike paragraphs 10–4, 10–5, 10–6, 10–10(b) and (f), 10–11, 10–12(b) and (d), 10–13, and 10–14 of the complaint for this reason.

Plaintiffs counter defendants' motion by stating that each of these paragraphs alleges that defendants have and are still engaged in a continuing course and pattern of conduct and that defendants fraudulently concealed their activities.

Although the general rule is that the statute of limitations begins to run at the time an alleged wrong occurs, *Marcus v. National Life Insurance Company*, 422 F.2d 626 (7th Cir. 1970), when a complaint contains allegations of fraudulent concealment of activity (i. e., covert activity), the statute does not begin to run until such time as the plaintiff obtains knowledge of the fraud or in the exercise of due care should have obtained that knowledge. *Sperry v. Barggren*, 523 F.2d 708 (7th Cir. 1975). Plaintiffs here have alleged a continuing pattern of unlawful activity fraudulently concealed by defendants. This Court is of the opinion that for those counts of plaintiffs' complaint alleging active concealment of intelligence gathering activities, the statute of limitations does not begin to run until actual discovery of the concealment.

Paragraphs 10–4, 10–5, 10–6, 10–10(b) and (f), 10–11, 10–12(b) and (d), 10–13, and 10–14 of the complaint contain allegations of active concealment of defendants' activities. Furthermore, this Court finds that because of the nature of defendants' alleged unlawful activities, plaintiffs could not reasonably have become aware of these activities at the times they were alleged to have occurred. The Court is of the opinion that the filing of the complaint was timely, in light of the fact that plaintiffs could not have become aware of defendants' activities in the exercise of due care.

Accordingly, City defendants' motion to dismiss the above-named paragraphs of the complaint on the grounds of the running of the Illinois Statute of Limitations is denied.

Defendants next argue that the complaint must be stricken for failure to present a "short and plain statement of the claim showing the pleader is entitled to relief" as prescribed by Rule 8, Federal Rules of Civil Procedure. Defendants argue that plaintiffs' complaint contains no more than conclusory allegations unsupported by relevant facts.

Plaintiffs contend that the complaint need only set forth a claim and give the respondents fair notice of its basis, *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d

80 (1957), and that the instant complaint is sufficient to give such notice. They allege that the complaint describes the nature of a theory of wrongful government conduct and alleges specific incidents which support such a theory. Further, plaintiffs allege that their rights have been violated by defendants and then identify the specific injuries.

This court is of the opinion that plaintiffs' complaint sets forth sufficient facts to support its general allegations of unconstitutional government interference with plaintiffs' activities. Defendants have been given sufficient notice of the claim which they will be called upon to defend and will have ample opportunity to use pretrial discovery to define more precisely the disputed facts and issues.

Accordingly, defendants' motion to dismiss the complaint for insufficiency is denied.

■ Finally, City defendants argue that defendants Johnson, Daniel, Goodrich, Peick, and Rivera are members of the Police Board of the City of Chicago and therefore enjoy a type of legislative immunity from suits for damages. Defendants rely upon the case of *Tenny v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), in which the Supreme Court held that state legislators have immunity from liability for legislative acts which cannot be defeated by claims of unworthy purpose. Defendants note that various district and circuit courts have extended the concept of legislative immunity to statutorily created commissions and investigators, *Martone v. McKeithen,* 413 F.2d 1373 (5th Cir. 1969), and to various local legislative bodies, *Shellburne, Inc. v. New Castle County,* 293 F.Supp. 237 (D.Del.1968). Defendants further cite several appellate decisions, including one from the Seventh Circuit, which indicate that local legislative bodies enjoy a qualified privilege of immunity based upon good faith performance of their official duties. *See McLaughlin v. Tilendes,* 398 F.2d 287 (7th Cir. 1968); and *Nelson v. Knox,* 256 F.2d 312 (6th Cir. 1958). Defendants argue that since no bad faith has been alleged in plaintiffs' complaint, the qualified privilege should be applicable here.

Plaintiffs contend that defendant Police Board members should not be held immune from damage suits and quote at length from an opinion written by Judge Flaum rejecting similar arguments raised in the case of *Alliance to End Repression v. Rochford,* 407 F.Supp. 115. The Court adopts the relevant portions of that opinion:

The Board additionally asserts that it enjoys legislative immunity to this lawsuit. It should be noted preliminarily that the Board derives its existence from Ill.Rev. Stats. ch. 24 § 3–7–3.1, which provides for the Board to adopt rules and regulations for the police department, hear disciplinary actions, and select nominees for the position of superintendent. The mayor appoints Board members, subject to the approval of the city council. By the same statute, the Board's authority stops short of directly administering the police department, except where matters of discipline are concerned.

The Board's argument is found to be without merit. Board members enjoy only the limited immunity from damages provided for municipal officials in *McLaughlin v. Tilendis,* 398 F.2d 287, 290 (7th Cir. 1958), *accord, Ka-Haar, Inc. v. Huck,* 345 F.Supp. 54 (E.D.Wis.1972), namely to the point that their actions as officials have been taken in good faith. The Board is not composed of elected state legislators, as was the case in *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), nor is it serving a specific investigative function of an elected state legislature, as in *Martone v. McKeithen,* 413 F.2d 1373 (5th Cir. 1969). Consequently, the policies that traditionally support legislative immunity do not apply. There is no question of separation of legislative and judicial power; elected representatives are not deterred from carrying out their duty by the distinct prospect of monetary liability. The fact that the state legislature directs that there be a rule making Board for municipal police departments merely sets forth

an official hierarchy of duties, not a delegation of legislative power. To hold otherwise would confer more immunity on Board members than on the city officials who appoint them.

For the foregoing reasons, City defendants' motion to dismiss is denied.

The Court next considers Federal defendants' arguments in support of their motion to dismiss *seriatim.*

Federal defendants first argue and plaintiffs agree, that the service of process upon Federal defendants Levi, Kelley and Schlesinger was accomplished by mail only and thus is insufficient to confer the *in personam* jurisdiction necessary for damage claims. On January 19, 1976, plaintiffs filed a first amendment to the complaint which eliminated damage claims against these defendants.

Defendants next argue that service of process by mail to defendants Levi, Kelley and Schlesinger beyond the territorial jurisdictional limits of the court was ineffective to confer any jurisdiction whatsoever upon this Court. Defendants rely upon 28 U.S.C. § 1391(e) which provides, in pertinent part, that:

> A civil action in which *each* defendant is an officer or employee of the United States or any agency thereof . . . may . . . be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or . . . (4) the plaintiff resides if no real property is involved in the action.
>
> The *summons and complaint in such action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery* of the summons and complaint *to the officer or agency* as required by the rules may be made *by certified mail beyond the territorial limits of the district in which the action is brought.* (emphasis added)

Defendants' argument turns upon the proper interpretation of the term "each defendant" as used in the statute. Defendants contend that service of process by mail

is ineffective as to them because the suit has been brought against both City and Federal defendants and therefore the action is not one in which *each* defendant is an officer or employee of the United States. Defendants cite *Chase Savings and Loan Association v. Federal Home Loan Bank,* 269 F.Supp. 965 (E.D.Pa.1967), and *Town of East Haven v. Eastern Airlines,* 282 F.Supp. 507 (D.Conn.1968), which held that when nonfederal defendants are sued along with federal defendants, the liberal service by certified mail provision does not apply.

Plaintiffs interpret the provision requiring that *each* defendant be a federal official as a requirement that each defendant *sought to be served* beyond the state's territorial limits be an official. This interpretation has been adopted by several courts on the theory that Congress' intent in enacting Section 1391(e) was to allow plaintiffs to sue federal officials without the necessity of travelling to the District Court of the District of Columbia.

In the absence of a ruling by the Seventh Circuit Court of Appeals, and in absence of legislative history which would indicate the reasons for the use of the words "each defendant", this Court adopts the reasoning of the court in *Powelton Civic Homeowners Association v. Department of Housing and Urban Development,* 284 F.Supp. 809 (E.D.Pa.1968), in which the court stated that:

> Section 1391(e) is essentially a plaintiffs' provision. Plaintiffs suing federal officers need no longer travel to the District of Columbia to institute their action . . . Section 1391(e) attempts to remove the virtually impenetrable barrier of procedural entanglement which has so frequently provided the government with de facto immunity from law suits. The defendants' construction of Section 1391(e) would resurrect the illogical procedural limitations which the provision sought to bury. . . .
>
> Since the consequence of the defendants argument is so inconsistent with the apparent intent of Section 1391(e), we believe it is appropriate to look beyond the

literal language of the provision and we conclude that the requirement that "each defendant" be a *federal* defendant refers only to the defendants who are *beyond* the forum's territorial limits. (284 F.Supp. at 833)

■ Accordingly, defendants' motion to dismiss claims against defendants Levi, Kelley, and Schlesinger for lack of jurisdiction under 28 U.S.C. § 1391(e) is denied.

■ Defendants next argue that service of summons and complaint on defendant Held, Special Agent in charge of the Chicago office of the F.B.I., was improper and that the Court therefore has no jurisdiction over claims as to him. Defendants allege that service of process was made at defendant Held's Chicago office and that no copy of process was ever mailed to defendant Held in Washington, D. C.

The Court agrees with defendants that service of process upon defendant Held was insufficient to give this Court jurisdiction over him for equitable and monetary claims. Plaintiffs' affidavit of service indicates that the only way in which defendant Held was served in this action was by leaving a copy of the summons and complaint at his Chicago office. There is no indication that a copy of said papers were ever mailed to defendant Held, nor was any other action taken to apprise him of this action.

Accordingly, defendant Held is dismissed for lack of personal jurisdiction.

Defendants next argue that no jurisdiction exists as to Federal defendants under the Civil Rights Act, 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343. Defendants argue that the federal defendants are not involved in *state* action but rather were acting under color of *federal* law in their capacities as *federal* officials. Defendants rely upon *Bethea v. Reid,* 445 F.2d 1163 (3rd Cir. 1971), and other cases for the proposition that federal officers acting under color of federal law, do not fulfill the "state action" requirement of 42 U.S.C. § 1983.

Plaintiffs agree that there can be no cause of action under Section 1983 for the conduct of federal officers acting under color of federal law, but argue that the complaint alleges conspiracy between state and federal officials which does state a cause of action under Section 1983. *Kletschka v. Driver,* 411 F.2d 436 (2d Cir. 1969). Plaintiffs distinguish cases cited by defendants by noting that each of the cases involved suits brought *solely* against federal officials under federal law theories, whereas the present action is brought against state and federal officials.

■ This Court is of the opinion that a complaint which alleges that federal officials acted in conspiracy with state officials under color of state law may properly be filed under 42 U.S.C. § 1983. Therefore, federal defendants' motion to dismiss for failure to state a cause of action under 42 U.S.C. § 1983 is denied.

■ Finally, defendants argue that causes of action brought pursuant to 28 U.S.C. § 1331 must fail because the jurisdictional amount of $10,000.00 exclusive of interest and costs has not been satisfied. This Court finds no evidence that amounts actually claimed by plaintiffs were claimed in bad faith. In addition to monetary damages, plaintiffs allege claims which this Court views as being of an essentially unliquidated nature. In light of these facts this Court cannot say that plaintiffs have failed to allege a sufficient jurisdictional amount under 28 U.S.C. § 1331. *See Gautreaux v. Romney,* 448 F.2d 731 (7th Cir. 1971).

Accordingly, defendants' motion to dismiss for failure to meet the jurisdictional amount under 28 U.S.C. § 1331 is denied.

■ Finally, defendants move for a more definite statement of the complaint pursuant to Rule 12(e), Federal Rules of Civil Procedure. Defendants argue that the standard to be applied in determining whether or not a more definite statement need be filed is to determine whether the complaint is so vague or ambiguous that the defendant cannot reasonably be required to frame a responsive pleading. Defendants argue that the complaint names twenty-seven plaintiffs, one hundred and eight defendants and fifteen acts violating ten con-

**32**

stitutional provisions and that it is impossible for each defendant to tell what he is being called upon to defend. In *Roberts v. Acres,* 495 F.2d 57 (7th Cir. 1974) the Court stated:

> The complaint is designed to apprise the defendant of the incident out of which a cause of action arose and the general nature of the action. The relevant facts may be determined by discovery, with the pleadings being liberally construed so as to do substantial justice and facilitate a proper decision on the merits. (Id. at 57–58)

Plaintiffs further argue that the activities of defendants are, by their nature, covert and difficult to determine. Plaintiffs indicate that until discovery has commenced, they will be unable to specify the extent of each defendant's involvement.

This Court agrees with plaintiffs that the complaint adequately apprises federal defendants of the claims they will be called upon to defend. Plaintiffs will need the opportunity to avail themselves of liberal discovery allowed by the Federal Rules in order to further specify their claims against defendant. Federal defendants' motion for a more definite statement, therefore, is denied.