IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10112
Conference Calendar
_____

AMARIO LYNN MCPHERSON,

Plaintiff-Appellant,

versus

TIM CURRY, Tarrant County District Attorney;
TARRANT COUNTY GRAND JURY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1541-Y
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Amario Lynn McPherson, Texas prisoner No. 743366, appeals the district court's dismissal of his complaint pursuant to 28 U.S.C. §§ 1915A (b)(1) and 1915(e)(2)(b). McPherson alleged in his complaint that Tarrant County, Texas, District Attorney Tim Curry conspired with members of the Tarrant County Grand Jury to issue a fraudulent indictment against McPherson. McPherson sought relief under 42 U.S.C. §§ 1981, 1983, and 1987; the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § 1961(l); and various federal criminal statutes.

The district court determined that McPherson's § 1983 and 1981 civil rights claims were time-barred; that his RICO claims were frivolous; and that no private causes of action existed under § 1987 or any of the criminal statutes cited by McPherson.

On appeal, McPherson challenges only the dismissal of his claims under § 1983. He has thus abandoned the other grounds for recovery that he raised in the district court. Evans v. City of Marlin, Tex., 986 F.2d 104, 106 n.1 (5th Cir. 1993); FED. R. APP. P. 28(a)(6).

We find no error in the district court's determination that McPherson's § 1983 claims were not timely filed. Denton v. Hernandez, 504 U.S. 25, 31-34 (1992). In any event, we note that McPherson's claims are frivolous because both the district attorney and members of the grand jury are entitled to absolute prosecutorial immunity from claims under § 1983. Martone v. McKeithen, 413 F.2d 1373, 1375-76 (5th Cir. 1969); see Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

McPherson's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

The dismissal of this appeal and the dismissal as frivolous by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). McPherson, therefore, has two "strikes" under

28 U.S.C. § 1915(g).  We caution McPherson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.